UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 01-20057

v.                                    Honorable David M. Lawson

DRAMOND D. HICKS,

        Defendant.

_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On July 31, 2002, defendant Dramond Hicks pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base. At the sentencing hearing, the Court determined the offense level and criminal history category as prescribed by the career offender provision of the Sentencing Guidelines. The defendant was sentenced to 262 months imprisonment, to be followed by ten years of supervised release.

In March 2008, the defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), citing the United States Sentencing Commissions retroactive amendment to the guidelines that apply to crack cocaine offenses, designated as Amendment 706. The Court denied that motion on September 4, 2009. The Court found that the defendant had been sentenced as a career offender and therefore he was not eligible for a sentence modification based on the retroactive application of Amendment 706. *United States v. Perdue*, 572 F.3d 288, 290-92 (6th Cir. 2009).

On October 18, 2011, the defendant submitted a letter to the Court asking for consideration of a sentence reduction. The letter was docketed as a motion to reduce his sentence under 18 U.S.C. § 3582(c). The Court denied this motion on December 16, 2011, finding that because the defendant's sentence was based on the career offender guidelines and not a guideline range that was

later lowered by the Sentencing Commission, he was not eligible for relief. *Perdue*, 572 F.3d at 290-92.

On January 9, 2012, the defendant submitted a further letter to the Court, in which he states that his previous letter was not a motion for a sentence reduction, but instead "a request to be placed on the list of inmates eligible for the crack reduction amendment." Def.'s Mot. for Reconsideration [dkt. #124]. The defendant requests that the Court dismiss its previous order. This letter was docketed as a motion for reconsideration.

"A party applying to the court for an order must do so by motion." Fed. R. Crim. P. 47(a). Courts may interpret letters sent by criminal defendants requesting a change in their sentence as a motion to amend that sentence. *See Lovelace v. United States*, 439 F.2d 784, 785 (6th Cir. 1971) (per curiam). In his October 18, 2011 letter, the defendant asked to be placed on "the current list of inmates who are now eligible and meet the requirements for the specified time revision for the 18 to 1 ration." Def.'s Mot. For Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 [dkt. #121]. The defendant's letter "can reasonably be interpreted . . . to argue that there has been a change in the relevant guidelines . . . . [T]he type of relief he requests is the type which § 3582 may provide, in appropriate situations. . . . [U]nder this interpretation it is correctly treated as a § 3582 motion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). The Court reasonably construed the defendant's letter as a request for the Court to enter an order reducing his sentence pursuant to Amendment 706. Such requests must be made by motion; therefore, the letter was docketed and decided as such. The defendant is now requesting that the court dismiss its previous order. The defendant's current request could reasonably construed either

as a motion for reconsideration of the Court's previous order or a motion to withdraw his previous motion. In either case, the defendant's present request must be denied.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion, the defendant has not demonstrated a palpable defect by which the Court was misled in ruling on his motion for a reduction of sentence. Instead, the defendant has stated that he did not intend to file such a motion. The defendant has not provided any argument that would suggest that the Court should have reduced his sentence based on Amendment 706. The Court concludes that the defendant has not met his burden under Local Rule 7.1(g)(3). Nor may the defendant withdraw his motion, as the Court has already ruled on the motion. Therefore, the Court will deny the defendant's motion, whether construed as a motion for reconsideration or a motion to withdraw.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt. #124] is **DENIED**.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: January 18, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2012.

                                            s/Deborah R. Tofil
                                            DEBORAH R. TOFIL